1  Brigid M. Carpenter (TN BPR No. 18134) *Pro Hac Vice Pending*
   Ryan P. Loofbourrow (TN BPR No. 33414) *Pro Hac Vice Pending*
2  BAKER, DONELSON, BEARMAN,
   CALDWELL & BERKOWITZ, P.C.
3  1600 West End Avenue, Suite 2000
   Nashville, TN 37203
4
   J.T. WELLS BLAXTER (SBN 190222)
5  wblaxter@blaxterlaw.com
   BRIAN R. BLACKMAN (SBN 196996)
6  bblackman@blaxterlaw.com
   DAVID P. ADAMS (SBN 312003)
7  dadams@blaxterlaw.com
   BLAXTER | BLACKMAN LLP
8  601 Montgomery Street, Suite 1110
   San Francisco, California 94111
9  Telephone: (415) 500-7700
10 Attorneys for Movant
   CHUBB INSURANCE AUSTRALIA
11 LIMITED a/s/o GRILL'D PTY LTD.
12
                    UNITED STATES DISTRICT COURT
13
                  NORTHERN DISTRICT OF CALIFORNIA
14
                      SAN FRANCISCO DIVISION
15

16 CHUBB INSURANCE AUSTRALIA LIMITED      Case No.
   a/s/o GRILL'D PTY LTD.,
17                                         **CHUBB INSURANCE AUSTRALIA**
               Movant,                     **LIMITED a/s/o GRILL'D PTY LTD.'S**
18                                         **NOTICE AND APPLICATION FOR**
        v.                                 **ORDER TO SHOW CAUSE RE**
19                                         **CONTEMPT FOR IMPOSSIBLE FOODS,**
   IMPOSSIBLE FOODS INC.,                  **INC.'S FAILURE TO RESPOND TO**
20                                         **SUBPOENA DUCES TECUM;**
               Respondent.                 **MEMORANDUM OF POINTS AND**
21                                         **AUTHORITIES IN SUPPORT THEREOF**
22
                                           Date:  TBD
23                                         Time:  10:00 A.M.
                                           Place: 450 Golden Gate Avenue
24                                                 San Francisco, CA 94102
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **<u>TABLE OF CONTENTS</u>**

Page

INTRODUCTION.. ..................................................................................................3

BACKGROUND...................................................................................................4

JURISDICTION....................................................................................................5

DIVISIONAL ASSIGNMENT..............................................................................5

STANDARD OF REVIEW. .................................................................................6

LEGAL ANALYSIS. ...........................................................................................6

    A.    Impossible Foods Failed to Respond to a Valid and Duly Served
Subpoena.....................................................................................................6

        1.    Form and Service of the Subpoena.....................................................7

        2.    Impossible Foods Did Not Respond to the Subpoena. .........................7

    B.    Standard for Civil Contempt........................................................................8

    C.    Remedy. .....................................................................................................9

CONCLUSION. ....................................................................................................9

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page

*Donavan v. Mazzola*
    716 F.2d 1226 (9th Cir. 1983)......................................................................8

*EEOC v. Chipotle Mexican Grill, Inc.*
    2019 WL 3842004 (N.D. Cal. Aug. 15, 2019) ...............................6, 8, 9

*Falstaff Brewing Corp. v. Miller Brewing Co.*
    702 F.2d 770 (9th Cir. 1983)......................................................................8

*FTC v. Enforma Natural Prods., Inc.*
    362 F.3d 1204 (9th Cir. 2004)....................................................................8

*Martinez v. City of Pittsburg*
    2012 WL 699462 (N.D. Cal. Mar. 1, 2012)..........................................6, 8

*Moon v. SCP Pool Corp.*
    232 F.R.D. 633 (C.D. Cal. 2005) ..............................................................9

*Schoonmaker v. City of Eureka*
    2018 WL 5829851 (N.D. Cal. Nov. 7, 2018) ...........................................9

*Stone v. City and Cty. of San Francisco*
    968 F.2d 850 (9th Cir. 1992).................................................................8, 9

*Wilstein v. Allstate Ins. Co.*
    2020 WL 2303074 (C.D. Cal. Feb. 11, 2020)...........................................9

## RULES

Page

Fed. R. Civ. P. 45 ................................................................................ passim

L.R. 3-5 ...............................................................................................................5

## STATUTES

Page

28 U.S.C. § 1331 ...............................................................................................5

28 U.S.C. § 1333 ...............................................................................................5

## OTHER AUTHORITIES

Page

Miller, Arthur R., *et al., Federal Practice and Procedure*
    9A Fed. Prac. & Proc. Civ. § 2465 (3d ed. Apr. 2021)............................8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PETITIONER'S APPLICATION
FOR ORDER TO SHOW CAUSE

# NOTICE OF MOTION

TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on a date to be determined by this Court, movant Chubb Insurance Australia Limited a/s/o Grill'd Pty Ltd. (herein "Grill'd Pty"), will and hereby does apply for an order to show cause for why third party Impossible Foods, Inc., ("Impossible Foods") should not be held in contempt for failing to fully comply with Grill'd Pty's subpoena duces tecum (the "Subpoena") issued in the matter *Chubb Insurance Australia Limited v. Worldbridge Logistics Inc.* pending in the United States District Court for the Middle District of Tennessee (Case No. 3:23-cv-01182) (the "Related Action").

This application is made pursuant to Federal Rule of Civil Procedure Rules 26 and 45 and Civil Local Rules 7-1, 7-2 on the grounds that Grill'd Pty is entitled to full production of relevant documents in response to its Subpoena and that Impossible Foods has waived its objections by failing to timely serve responses. Accordingly, Grill'd Pty seeks an order from this Court ordering that Impossible Foods show cause for why it should not be held in contempt for failure to fully comply with or otherwise respond to the Subpoena. Moreover, if Impossible Foods fails to show adequate excuse for its failure, the Court should order Impossible Foods to pay Grill'd Pty its reasonable attorney's fees and costs for bringing this application.

This application is made following multiple conferences of counsel pursuant to Civil Local Rule 37-1 that took place from August 13, 2024 through October 14, 2024. This application is based upon this Notice, the accompanying Memorandum of Points and Authorities and Declarations of Ryan Loofbourrow, David Adams, all other pleadings, papers, records and documentary materials on file in this action and in the Related Action, and such further evidence and argument as the Court may allow at the hearing on this application.

///
///
///
///

1   Dated:  December 16, 2024                     BLAXTER | BLACKMAN LLP

2

3                                      By:    _____/s/ David P. Adams_____

4                                                       DAVID P. ADAMS
                                              Attorneys for Attorneys for Movant
5                                             CHUBB INSURANCE AUSTRALIA LIMITED
                                                   a/s/o GRILL'D PTY LTD.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2      Movant Chubb Insurance Australia Limited a/s/o Grill'd Pty Ltd. (herein "Grill'd Pty")

3  respectfully requests this Court to issue an order requiring respondent Impossible Foods, Inc.

4  (herein "Impossible Foods") to show cause why it should not be held in contempt for failing to

5  fully respond to its duly issued and served subpoena. Grill'd Pty served Impossible Foods with the

6  subpoena in July of this year, and only received a partial document production in October. After

7  counsel for Grill'd Pty followed up for responsive documents in the remaining categories,

8  Impossible Foods did not respond.  Therefore, the Court should order Impossible Foods to show

9  cause why it should not be held in contempt for failing to comply with the subpoena.

10

## Introduction.

11      Grill'd Pty Ltd., the owner of a burger restaurant chain in Australia, purchased thousands of

12  non-meat burger patties from Impossible Foods, Inc.  When the patties did not arrive in Australia

13  in suitable condition, Chubb Insurance Australia Limited reimbursed Grill'd Pty for its loss and

14  brought a subrogation action against Worldbridge Logistics ("Worldbridge"), *Chubb Insurance*

15  *Australia Limited v. Worldbridge Logistics Inc.* pending in the United States District Court for the

16  Middle District of Tennessee (Case No. 3:23-cv-01182) (the "Related Action"), for failing to

17  follow the shipping instructions.  As a defense, Worldbridge has asserted that Impossible Foods,

18  Inc., may have packed the patties incorrectly or provided incorrect shipping instructions.

19  Therefore, Grill'd Pty served the subpoena duces tecum on Impossible Foods (the "Subpoena") for

20  documents relating to Grill'd Pty's orders.

21      The Subpoena requested two categories of documents: (1) pre-shipment documents, and (2)

22  documents related to the packing of the cargo. Impossible Foods' response to the Subpoena

23  included documents responsive to the first category of documents requested, but none for the

24  second category.  Counsel for Gill'd Pty followed up with Impossible Foods on multiple occasions

25  to determine whether any responsive documents existed for the second category but received no

26  response.

27  ///

28  ///

Therefore, after multiple attempts at a good faith resolution to this matter, Grill'd Pty now moves the Court to issue an order that Impossible Foods show cause as to why it should not be held in contempt for failing to fully comply with the Subpoena.

## Background.

According to the Complaint, Grill'd Pty contracted with Worldbridge to ship two containers of 3,872 packages of frozen veggie patties from the Port of Oakland to Melbourne, Australia. Declaration of Ryan Loofbourrow ("Loofbourrow Decl."), Ex. 1 [Complaint], ¶¶ 9-10. The Complaint alleges that the shipment was tendered to Worldbridge in good order and condition but damaged in transit under Worldbridge's custody and control. *Id.* ¶¶ 11-12. Worldbridge has vaguely asserted the comparative fault defense without identifying what other entity may be at fault. *Id.* at Ex. 2 [Answer & Aff. Defenses], ¶ 30. Worldbridge later opined that there could be fault with the "shipper or owner of the goods" or "insufficiency of packing." *Id.* at Ex. 3 [Initial Case Mgmt. Order], at p. 2.

On July 19, 2024, counsel for Grill'd Pty issued a Subpoena to Impossible Foods, Inc. for records associated with (1) pre-shipment documents, and (2) documents related to the packing of the cargo (the "Subpoena"). Loofbourrow Decl., ¶5, Ex. 4 [Subpoena]. The Subpoena requested compliance at Blaxter Blackman, 601 Montgomery Street, Suite 1110, San Francisco, California 94111, which is within 100 miles of Impossible Foods's headquarters at 400 Saginaw Drive, Redwood City, California 94063. *Ibid.* On July 23, 2024, Keith Gunn of Absolute Legal Services served CT Corporation, Registered Agent for Impossible Foods, in Knoxville, Tennessee. *Id.* at ¶6, Ex. 5 [Impossible Foods Secretary of State Filing Information]. The Subpoena required compliance by August 9, 2024. *Id.* at ¶5, Ex. 4. To date, Grill'd Pty has not received complete objections or a formal response to the Subpoena. Loofbourrow Decl., ¶6.

On August 13, 2024, counsel for Grill'd Pty contacted in-house counsel for Impossible Foods, requesting an update. Loofbourrow Decl., ¶7, Ex. 6 [Meet and Confer Email Chain], p. 4. On August 20, 2024, after receiving no response, counsel for Grill'd Pty followed up with in-house counsel for Impossible Foods. *Id.* at ¶7, Ex. 6, pp. 3-4. The next day, counsel for Gill'd Pty called in-house counsel for Impossible Foods. *Id.* at ¶7, Ex. 6, p. 3. In-house counsel for Impossible

Foods confirmed her email address and that Impossible Foods was working on a response to the Subpoena, but she needed more time. *Ibid.* Counsel for Grill'd Pty consented to an extension of time to respond to the Subpoena to August 30, 2024. *Ibid.* Counsel for Grill'd Pty again followed up with in-house counsel for Impossible Foods on September 9, 2024 and September 23, 2024 but received no response. *Id.* at ¶7, Ex. 6, pp. 2-3.

Finally, on October 2, 2024, in-house counsel for Impossible Foods sent an email with six documents attached to it. *Id.* at ¶8, Ex. 6, p. 2. Impossible Foods served no objections to the Subpoena. *Ibid.* The documents produced were responsive to some categories of documents sought in the Subpoena, but did not include:

1.      Documents showing the details of how the goods were packed into the containers, i.e., whether they were loaded in a cool warehouse (and the temperature of that warehouse), whether they were hot loaded, and whether the container was operating at the time of loading;

2.      Details of the temperature of the goods at the time they were loaded into the container;

3.      Copies of any photographs of the containers being packed; and

4.      Copies of any container load sheets.

*Ibid.* On October 14, 2024, counsel for Grill'd Pty followed up with in-house counsel for Impossible Foods to obtain confirmation of whether these missing documents exist, and to have a custodian declaration signed to authenticate the documents produced as business records. *Id.* at ¶9, Ex. 6, p. 1. After receiving no response, counsel for Grill'd Pty again followed up on November 12, 2024. *Ibid.* Counsel for Grill'd Pty received no response. *Ibid.*

## Jurisdiction.

The underlying dispute is a maritime dispute, so the Court has jurisdiction under 28 U.S.C. §§ 1331 and 1333. The Court has jurisdiction to hear this application for an order to show cause re contempt under Federal Rule of Civil Procedure 45(g).

## Divisional Assignment.

The place for compliance of the Subpoena is in San Francisco, California. Therefore, this application should be assigned to the San Francisco division. L.R. 3-5(b).

1
2
3
4
5
6
7
8
9
10
11
12
13

## Standard of Review.

An attorney may issue a subpoena to a non-party, commanding the non-party to produce "documents, electronically stored information, or tangible things at a place within 100 miles of where the [non-party] . . . regularly transacts business in person." Fed. R. Civ. P. 45(a)(3) and (c)(2)(A). The subpoena must be personally served by "[a]ny person who is at least 18 years old and not a party." *Id.* at (b)(1). The party served with the subpoena "may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials . . . or to producing electronically stored information in the form or forms requested" if the objection is served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." *Id.* at (d)(2)(B). The "court for the district where compliance is required" may hold the non-party served with a subpoena in contempt if, after proper service of process, it "fails without adequate excuse to obey the subpoena or an order related to it." *Id.* at (g).[1]

14

## Legal Analysis.

15
16

The Court should issue an order requiring Impossible Foods to show cause for why it should not be held in contempt for failing to comply with the Subpoena under Rule 45(g).

17

**A.    Impossible Foods Failed to Respond to a Valid and Duly Served Subpoena.**

18
19
20
21
22
23
24

Rule 45 permits the Court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "[W]hen a non-party does not comply with a subpoena . . . , the most appropriate procedural step is to file an application for an order to show cause, not a motion to compel." *EEOC v. Chipotle Mexican Grill, Inc.*, No. 17-cv-05382-BLF (SVK), 2019 WL 3842004, at *3 (N.D. Cal. Aug. 15, 2019) (quoting *Martinez v. City of Pittsburg*, No. C 11-1017 SBA (LB), 2012 WL 699462, at *4 (N.D. Cal. Mar. 1, 2012)).

25
26
27

---

[1] Because no objections were made, Grill'd Pty cannot move to compel under Rule 45(d)(2)(B)(i), which only permits a motion to compel "[i]f an objection is made." Therefore, this motion is brought under Rule 45(g) for failure to obey the subpoena.

28

### 1.    Form and Service of the Subpoena.

The Subpoena is valid. It (1) states "the court from which it issued"; (2) states "the title of the action and its civil-action number"; (3) commands Impossible Foods to produce designated documents "at a specified time and place"; and (4) sets "out the text of Rule 45(d) and (e)." Loofbourrow Decl., Ex. 4; Fed. R. Civ. P. 45(a)(1)(A).  The Subpoena was issued from the Middle District of Tennessee, where the Related Action is pending. Loofbourrow Decl., Ex. 4; Fed. R. Civ. P. 45(a)(2). The attorney for Grill'd Pty, who is authorized to practice law in the Middle District of Tennessee, issued and signed the Subpoena.  Loofbourrow Decl., Ex. 4; Fed. R. Civ. P. 45(a)(3). Counsel for Grill'd Pty complied with the Middle District of Tennessee's Local Rule 45.01.  On July 19, 2024, two business days before serving the Subpoena on Impossible Foods' registered Agent, a paralegal working for Counsel for Grill'd Pty served the Subpoena on counsel for Defendant Worldbridge in the Related Action.  Loofbourrow Decl., ¶10; Fed R. Civ. P. 45(a)(4).

Grill'd Pty duly served the Subpoena on Impossible Foods. The Subpoena was served by Keith Gunn, a private process server. Loofbourrow Decl., Ex. 4; Fed. R. Civ. P. 45(b)(1). Gunn served Impossible Foods at the address for its registered agent, which is the company Impossible Foods designated to accept service of process.   Loofbourrow Decl., Ex. 5.; Fed. R. Civ. P. 45(b)(1).  It was served in the United States, and the service of process was proven by "filing with the issuing court a statement showing the date and manner of service and the names of the persons served."  Loofbourrow Decl., Ex. 4; Fed. R. Civ. P. 45(b)(2) and (4).  The Subpoena requested compliance in San Francisco, California, which is within 100 miles of Impossible Foods's principal place of business in Redwood City, California.  Loofbourrow Decl., Ex. 4; Fed. R. Civ. P. 45(c)(2)(A).

### 2.    Impossible Foods Did Not Respond to the Subpoena.

Impossible Foods did not serve any objections to the Subpoena. Loofbourrow Decl., ¶8; Declaration of David Adams, ¶2; Fed. R. Civ. P. 45(d)(2)(B).  Thus, it was required to produce all documents and electronically stored information identified in the Subpoena.  Fed. R. Civ. P.

45(e)(1).  Impossible Foods failed to do so, which required Grill'd Pty to file this application in the district where compliance is required—San Francisco, California.

Thus, for the foregoing reasons, the Court should hold Impossible Foods in contempt for failure to fully comply with Grill'd Pty's Subpoena.

**B.    Standard for Civil Contempt.**

The Court may hold Impossible Foods in contempt if, "having been served," it "fails without adequate excuse to obey the subpoena or an order related to it."  Fed. R. Civ. P. 45(g).  A court may find a nonparty in contempt both if it "disobeys a subpoena-related order and [if it] fails entirely to obey a subpoena."  Arthur R. Miller, *Federal Practice and Procedure*, 9A Fed. Prac. & Proc. Civ. § 2465 (3d ed. Apr. 2021).  "[W]hen a non-party does not comply with a subpoena and does not appear for deposition, the most appropriate procedural step is to file an application for an order to show cause, not a motion to compel."  *Chipotle Mexican Grill, Inc.*, 2019 WL 3842004, at *3.

Because Impossible Foods does not have "adequate excuse" for its failure to completely disregard Grill'd Pty's Subpoena, it should be held in contempt:

> The standard for holding a person who has failed to obey a subpoena or related order in contempt requires the Court to consider whether that person has an "adequate excuse" for her failure. Fed. R. Civ. P. 45(g). "Civil contempt is characterized by the court's desire to compel obedience with a court order, or to compensate the contemnor's adversary for injuries which result from the non-compliance." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). A district court has "wide latitude" in determining whether there has been contempt of its order. *Martinez*, 2012 WL 699462, at *4 (citing *Stone v. City and Cty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992)).
>
> To establish civil contempt, the moving party must show by clear and convincing evidence that there has been a violation of a specific order of the court. *Martinez*, 2012 WL 699462, at *3 (citing *FTC v. Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004)). If the moving party makes that showing, the burden shifts to the responding party to show [that] he took every possible step to comply with the subpoena and to articulate reasons why compliance was not possible. *Martinez*, 2012 WL 699462, at *3 (citing *Donavan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983)). In considering the contemnor's reasons why compliance was not possible, the court "may consider a history of noncompliance and a failure to comply despite the pendency of a contempt motion." *Martinez*, 2012 WL 699462, at *3 (quoting *Stone*, 968 F.2d at 856-57). If a contemnor has performed "all reasonable steps within [her] power to insure compliance" with the court's orders,

1

2

she should not be held in contempt. *Stone*, 968 F.2d at 856. However, "[i]ntent is irrelevant to a finding of civil contempt and, therefore, good faith is not a defense." *Id.*

3

4

*Chipotle Mexican Grill, Inc.*, 2019 WL 3842004, at **3-4. Impossible Foods has failed to comply

5

with the Subpoena, failed to adequately respond to Grill'd Pty's counsel despite several attempts to

6

obtain compliance, and has offered no excuse or explanation for its failure. For these reasons,

7

Impossible Foods should be held in contempt.

8

**C.    Remedy.**

9

The Court should order Impossible Foods to appear and show cause for why it should not

10

be held in contempt for failing to comply with or otherwise respond to the valid and duly served

11

subpoena. *Wilstein v. Allstate Ins. Co.*, No. CV 18-5195 ODW (GJSx), 2020 WL 2303074, at *4

12

(C.D. Cal. Feb. 11, 2020). Moreover, the Court should award Grill'd Pty its reasonable costs and

13

attorney's fees for filing this application. *Id.* The total costs caused by the filing of this application

14

currently total $6,541.50 and continue to accrue. Loofbourrow Decl., ¶15.

15

This Court should also rule that Impossible Foods waived all objections to the Subpoena by

16

failing to timely serve objections. Federal Rule of Civil Procedure 45(d)(2)(B) (an objection not a

17

subpoena "must be served before the earlier of the time specified for compliance or 14 days after

18

the subpoena is served.") "A nonparty's failure to timely make objections to a Rule 45 subpoena

19

duces tecum generally requires the court to find that any objections have been waived." *Moon v.*

20

*SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005); *accord Schoonmaker v. City of Eureka*,

21

No. 17-CV-06749-VC (RMI), 2018 WL 5829851, at *1 (N.D. Cal. Nov. 7, 2018).

22

**<u>Conclusion.</u>**

23

Because the Subpoena was validly issued, properly served, and counsel for Grill'd Pty

24

made a significant effort to obtain compliance with the Subpoena before filing this application,

25

Grill'd Pty respectfully requests that the Court enter an order that Impossible Foods show cause for

26

why it should not be held in contempt for failure to fully comply with or otherwise respond to the

27

28

1  Subpoena. Moreover, if Impossible Foods fails to show adequate excuse for its failure, the Court

2  should order it pay Grill'd Pty its reasonable attorney's fees and costs for bringing this application.

3  Dated:  December 17, 2024                    BLAXTER | BLACKMAN LLP

4

5                                    By:     _____/s/ David P. Adams_____

6                                                    DAVID P. ADAMS
                                          Attorneys for Attorneys for Movant
7                                    CHUBB INSURANCE AUSTRALIA LIMITED
                                             a/s/o GRILL'D PTY LTD.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PETITIONER'S APPLICATION
                                                    FOR ORDER TO SHOW CAUSE